UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Toua Hong Chang,                                          Civil No. 06-1590 (PAM/JSM)

          Petitioner,

v.                                                        **MEMORANDUM AND ORDER**

State of Minnesota,

          Respondent.

_____

This matter is before the Court on Defendant's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Janie S. Mayeron on February 14, 2007. The R&R recommends that the Court deny Petitioner's application for a writ of habeas corpus and dismiss the action with prejudice. The Court has conducted a de novo review of the Objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review, the Court overrules the Objections, adopts the R&R, and dismisses this case with prejudice.

**BACKGROUND**

On May 28, 2003, a jury convicted Petitioner of the following offenses: (1) promoting prostitution of an individual under the age of 18 in violation of Minn. Stat. § 609.322, (2) a crime committed for the benefit of a gang in violation of Minn. Stat. § 609.229, and (3) two counts of first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342. Petitioner was sentenced to a prison term of ninety-eight months plus five years of conditional release for the conviction of a crime committed for the benefit of a gang, and to

a consecutive 144-month prison term plus ten years of conditional release for first-degree criminal sexual conduct convictions.

Petitioner appealed his sentence to the Minnesota Court of Appeals, which affirmed the convictions, but reversed the five-month conditional release period that was imposed pursuant to Petitioner's conviction for commission of a crime for the benefit of a gang. It also vacated and remanded the ten-year conditional release period that was imposed for Petitioner's conviction for first-degree criminal sexual conduct so that it could be imposed as a five-year conditional release term. See State v. Chang, No. A03-1802, 2005 WL 353987, at *7 (Minn. Ct. App. 2005). Petitioner then sought review of the Court of Appeals's decision, but the Minnesota Supreme Court denied review on April 27, 2005. Thereafter, Petitioner filed his Petition for Habeas Corpus Relief in this Court arguing that he was denied his Sixth Amendment right to confrontation.

**DISCUSSION**

**A.   Standard of Review**

Section 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 allows a district court to review a petition for writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Additionally, with respect to a claim adjudicated on the merits in state court proceedings, the Court should not grant a habeas corpus petition unless adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

2

Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence."  28 U.S.C. § 2254(d).

**B.     Sixth Amendment Claim**

Petitioner's sole claim is that he was denied his right to confrontation as guaranteed by the Sixth Amendment.  Specifically, Petitioner challenges the admission of a non-testifying witness's statement to the police, as he believes it was used as substantive evidence to corroborate another witness's testimony.

Petitioner objects to the Magistrate Judge's application of Crawford v. Washington, 541 U.S. 36 (2004).   In Crawford, the Supreme Court held that the Confrontation Clause prohibits the admission of an out-of-court testimonial statement unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness.  Id. at 59.  Under the mandate of Crawford, interrogations by law enforcement officers fall under the class of testimonial hearsay.  Id. at 53.  However, the Supreme Court also recognized that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  Id. at 59 n.9 (citing Tennessee v. Street, 471 U.S. 409, 414 (1985)).

In this action, the Magistrate Judge concluded that the non-testifying witness's statement to the police was not hearsay because it was not offered to prove the truth of the matter asserted.  Rather, the statement was offered in rebuttal for impeachment purposes.  Thus, the Magistrate Judge correctly applied Crawford in this matter.

**C.     Improper Jury Instruction**

Petitioner also objects to the R&R because he claims the jury was improperly instructed. Because Petitioner did not raise this claim in his Petition for Habeas Corpus Relief, the Court denies the objection. See Terry v. Fischer, 21 F.3d 433 (8th Cir. 1994) (unpublished table decision) (citing Fed. R. Civ. P. 15 (party may amend complaint after answer is filed only with permission of court or adverse party); Robinson v. Wade, 686 F.2d 298, 304 (5th Cir. 1982) (district court did not abuse discretion by refusing to consider new claim raised in objections to magistrate's report)).

**D.   Motion for Counsel and Evidentiary Hearing**

After Petitioner filed his Objections, he filed a Motion for Apointment of Counsel and for an Evidentiary Hearing. Because the Court overrules the Objections and dismisses this case with prejudice, the Court denies the Motion as moot.

**CONCLUSION**

The Magistrate Judge correctly applied the holding in Crawford in the R&R. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. The R&R (Docket No. 16) is **ADOPTED**;

3. Petitioner's Objections to the R&R (Docket Nos. 19 and 22) are **OVERRULED**;

4. Petitioner's Motion for Appointment of Counsel and for an Evidentiary Hearing (Docket No. 23) is **DENIED as moot**; and

5. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>March 28, 2007</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge
